IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

_____

| | | |
|---|---|---|
| CHRISTOPHER JOVEL GARCIA, PRO SE, | § | |
| TDCJ-CID #1063282 | § | |
| Previous TDCJ-CID #640783 | § | |
| Previous TDCJ-CID #966718 | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:05-CV-0022 |
| | § | |
| NFN SAVERS, Warden, | § | |
| MARI ROBINSON, | § | |
| DAVID KIBBY BASSE, | § | |
| NFN DEGENHART, | § | |
| NFN HELMS, and OFFICER FREEMAN, | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION**

Plaintiff CHRISTOPHER JOVEL GARCIA, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

Plaintiff complains that, on April 14, 2003, while at the Dalhart Unit, he was assaulted and beaten by gang members, sustaining injury to his right knee, shoulder and hand, and his lower back. By his June 2, 2005 response to question no. 10 of the Court's Questionnaire, plaintiff states the attacking inmates paid guards to watch the attack. Plaintiff says he went his cell to clean a wound and later told an officer he needed medical care. He states that, when "medical" arrived, "[i]t was stated I am hurt but little Aid [sic] was rendered." Plaintiff says he was transferred to the Beto I Unit about twenty-three days later and is still in need of medical

attention.  Plaintiff claims defendants DEGENHART and HELMS, as well as another non-defendant officer, witnessed the assault but never reported it or gave plaintiff aid.  Plaintiff claims defendant Dr. BASSE never gave him aid.  Plaintiff claims defendant ROBINSON "refused to investigate the alligation [sic] wich [sic] left harm."  Plaintiff claims defendant SAVERS, Assistant Warden, "denied allegations of assault and forfiture [sic] of policy."

Plaintiff requests proper medical attention, removal from the Beto Unit to a placement in minimum security, and compensation for pain, and that the "officers" be reprimanded.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2).  The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions.  42 U.S.C. 1997e(c)(1).  A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

by plaintiff in his complaint to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

Title 42, United States Code, 1997e(a), as amended by Section 803 of the Prison Litigation Reform Act of 1995, provides that "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 992, 152 L.Ed.2d 12 (2002).

Plaintiff attached grievances to his original complaint and to his June 2, 2005 response to the Court's Questionnaire. Review of these grievances reveals none of them contains plaintiff's allegation that some guards were paid to watch the assault on him. Plaintiff has not plead that he submitted any other grievances concerning his claims. It appears plaintiff did not exhaust administrative remedies concerning this claim. By choosing to file and pursue suit concerning guards being paid to watch an assault on him before meeting the section 1997e exhaustion of administrative remedies requirement, plaintiff has sought relief to which he was not entitled. *Underwood v. Wilson*, 151 F.3d 292 (5th Cir. 1998). Consequently, plaintiff's claim in this respect lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

By his June 2, 2005 response to the Court's Questionnaire, plaintiff states the alleged assault by gang members led to plaintiff's receipt of a disciplinary case for participating with

other inmates in a fight against another group of Hispanic inmates.  Further, plaintiff states he was found guilty and lost thirty days of accumulated goodtime credits as a result.  To the extent plaintiff is suing defendants DEGENHART, HELMS, or FREEMAN because they did not report the incident as an attack on plaintiff, plaintiff's claim constitutes a challenge to the facts underlying his disciplinary case.  A favorable finding in this respect would call into question the disciplinary case for which plaintiff lost goodtime credits.  In the wake of *Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584, 1589, 137 L.Ed.2d 906 (1997), the *Heck*[3] doctrine is now applied to the prison disciplinary setting.  For this reason, plaintiff's claim is not cognizable under section 1983 without a prior showing of favorable termination, that is, that the results of the disciplinary hearing have already been overturned, either on administrative appeal, through habeas, or by some other means.  Plaintiff has informed the Court there has been no favorable termination of his disciplinary case[4].  It is clear any claim of this nature is barred by plaintiff's failure to satisfy the *Heck* prerequisite of favorable termination.

     Plaintiff further alleges, in his complaint, that he was back in his cell when "medical" arrived but that "little aid was rendered."  Plaintiff also states he saw defendant Dr. BASSE three days after the incident and Dr. BASS ordered x-rays of plaintiff's rib cage.  Plaintiff also complains he did not receive medical care at the Beto I Unit to which he was transferred.  To the extent plaintiff sues concerning his medical treatment while at the Beto I Unit, plaintiff has not named any defendant who works at the Beto I Unit or has made decisions concerning his medical care there.  Instead, the only defendant concerned with provision of medical care whom plaintiff

---

[3] *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994).

[4] See plaintiff's June 2, 2005 response to question no. 14 of the Court's Questionnaire.

has named is Dr. BASSE, a physician working at the Dalhart Unit.  As to defendant BASSE, plaintiff acknowledges he was seen cellside and then saw Dr. BASSE three days later.  After examining plaintiff, Dr. BASSE ordered x-rays.  Plaintiff's complaint is not that he did not receive medical care but that he does not like the medical care he received.

The Eighth Amendment proscribes medical care that is "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976).  A prisoner's disagreement with prison officials regarding medical treatment is insufficient to establish an unconstitutional denial of medical care.  *Norton v. Dimanzana*, 122 F.3d 286, 292 (5th Cir. 1997).  The facts alleged by plaintiff merely show he disagreed with the doctor concerning the medical treatment required.  Merely alleging that a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension.  *Varnado v. Collins*, 920 F.2d 320, 321 (5th Cir. 1991).  At most, plaintiff has stated a claim of negligence, if that; however, "negligent medical care does not constitute a valid section 1983 claim." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Plaintiff's claim against defendant ROBINSON is that she "refused to investigate the alligation [sic] wich [sic] left harm."  Plaintiff designates defendant ROBINSON as a "J.D. Manager."  The Court attempted to elicit information concerning the identity of defendant ROBINSON and exactly what acts or omissions formed the basis for plaintiff's claim against her.  By his June 2, 2005 response to the Court's Questionnaire, plaintiff inform the Court that defendant ROBINSON is a "Medical Examiners Investigations [sic]" to whom he sent complaints concerning his medical care at the Beto I Unit and who is not employed by either the

Texas Department of Criminal Justice or the University of Texas Medical Branch. It does not appear defendant ROBINSON is a state actor and that plaintiff's claim against her must fail for that reason. *Adickes v. Kress*, 398 U.S. 144, 149, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970)(two elements are necessary for recovery in this type of suit: (1) the plaintiff must show the defendant deprived him of a right secured by the Constitution and laws of the United States; (2) the plaintiff must show the deprivation was committed under color of law, usually by a state official or a private individual in conspiracy with such an official). Further, even if defendant ROBINSON is a state actor, plaintiff has alleged no fact indicating the failure to investigate his complaints concerning his medical care violated his constitutional rights in any way.

Plaintiff has alleged no fact showing defendant ROBINSON had personal knowledge of facts indicating plaintiff's medical treatment placed him in substantial risk of serious harm, *Farmer v. Brennan*, 511 U.S. 825, 837-38, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994), or that her action or inaction placed him in such danger. Plaintiff has failed to state a claim against defendant ROBINSON on which relief can be granted.

Lastly, plaintiff's states he is suing defendant Warden SAVERS because he "denied allegations of assault and forfiture [sic] of policy." By question no. 20 of the Questionnaire, the Court asked plaintiff what he meant for the phrase "forfiture of policy;" however, plaintiff's June 2, 2005 response was, "I don't understand what you asking in here." Plaintiff makes no factual allegation against defendant Warden SAVERS and the only indication of involvement shown by plaintiff's pleadings is that defendant SAVERS signed the official response denying plaintiff's Step 1 grievance no. 2003155125 by which plaintiff appealed his disciplinary case. If this is the basis for plaintiff's claim against defendant SAVERS, plaintiff's claim calls into

question the guilty determination in his disciplinary case and is, therefore, barred by the favorable termination requirement imposed by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994) as applied to disciplinary cases. *Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584, 1589, 137 L.Ed.2d 906 (1997).

Plaintiff's June 2, 2005 response to question no. 14 demonstrates he has not secured the necessary favorable termination and, therefore, any claim of this sort cannot accrue until after the *Heck* condition has been met.

## CONCLUSION

Pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff CHRISTOPHER JOVEL GARCIA be DISMISSED WITH PREJUDICE AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 18th day of December, 2006.

_____
CLINTON E. AVERITT E
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).